ADRIENNE C. PUBLICOVER (SBN 161432)
CHARAN M. HIGBEE (SBN 148293)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:   (415) 433-0990
Facsimile:   (415) 434-1370

Attorneys for Defendant
APPLE COMPUTER, INC.'S SHORT
AND LONG TERM DISABILITY PLAN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CLECAK,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN,<br><br>    Defendant. | Case No.:   CV08-01987 WDB<br><br>**DEFENDANT APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT**<br><br>Courtroom   :   4<br>Honorable Wayne D. Brazil<br><br>Filed   :   4/16/2008 |

Defendant Apple Computer, Inc's Short and Long Term Disability Plan (hereinafter "defendant" or "the Plan") answers the Complaint filed by plaintiff Christine Clecak in this action (hereinafter "the Complaint") as follows:

## I.   JURISDICTION

1.   Answering paragraph 1 of the Complaint, defendant admits that this Court has jurisdiction over plaintiff's claims set forth in the Complaint pursuant to the provisions of ERISA. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 1 of the Complaint.

## II. PARTIES

2. Answering paragraph 2 of the Complaint, defendant admits, on information and belief, the allegations set forth therein.

3. Answering paragraph 3 of the Complaint, defendant admits that Life Insurance Company of North America issued Group Policy No. FLK-030104 (hereinafter "the Policy") to provide disability insurance to the Plan. Defendant denies that Life Insurance Company of North America (hereinafter "LINA") was and/or is the Plan Administrator. Defendant admits that LINA had and has the authority to determine claims for disability benefits under the Policy. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 3 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, defendant admits that the Plan is an employee welfare benefit plan pursuant to ERISA. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 4 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 4 of the Complaint.

## III. FACTS

5. Answering paragraph 5 of the Complaint, defendant admits that plaintiff was a participant in the Plan on or about July 21, 2007. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 5 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, defendant admits that plaintiff received disability benefits under the Policy from on or about September 22, 2006 until on or about July 21, 2007. Defendant admits that plaintiff became disabled on or about September 22, 2005. Defendant denies that plaintiff met the definition of disability under the Plan and/or the Policy on or after July

1  21, 2007. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, defendant admits that LINA sent plaintiff a letter, dated July 18, 2007, which stated that benefits under the Policy would not be paid beyond July 21, 2007. Defendant admits that this letter speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 7 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, defendant admits that plaintiff appealed the termination of long term disability benefits under the Plan and/or the Policy. Defendant admits that LINA sent plaintiff a letter, dated March 11, 2008, which stated that the decision to deny plaintiff disability benefits was being upheld and admits that this letter speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 8 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, defendant admits that plaintiff was a participant in the Plan on or about September 22, 2005. Defendant admits that plaintiff applied for disability benefits under the Plan and/or the Policy, and that plaintiff appealed the termination of her disability benefits under the Plan and/or the Policy. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 9 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 9 of the Complaint.

### IV.   CLAIM FOR RELIEF

10. Answering paragraph 10 of the Complaint, defendant incorporates by reference its answers to paragraphs 1 through 9, above, of the Complaint as though fully set forth herein.

3
DEFENDANT APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S
ANSWER TO COMPLAINT
USDC NDCA Case #CV08-01987 WDB
358180.1

11. Answering paragraph 11 of the Complaint, defendant admits that ERISA Section 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) speaks for itself. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 11 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, defendant admits that plaintiff has not received disability benefits under the Plan and/or the Policy since on or about July 21, 2007. Defendant denies that plaintiff is entitled to any further benefits under the Plan and/or the Policy. Except as expressly admitted or denied, defendant states that it lacks sufficient knowledge or information about the matters alleged in paragraph 12 for an answer to be made and, upon that ground, denies each and every remaining allegation set forth in paragraph 12 of the Complaint.

## V.  PRAYER FOR RELIEF

13. Answering the prayer for relief alleged in the Complaint (hereinafter "prayer for relief"), defendant denies that plaintiff is entitled to the relief requested therein. Defendant specifically responds to the prayer for relief as follows:

1. Answering paragraph 1 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

2. Answering paragraph 2 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

3. Answering paragraph 3 of the prayer for relief, defendant denies that plaintiff is entitled to the relief requested therein.

## VI.  AFFIRMATIVE DEFENSES

14. As a first affirmative defense, defendant alleges that neither the Complaint, nor any claim for relief therein, state facts sufficient to state a claim against defendant.

15. As a second affirmative defense, defendant alleges that plaintiff has failed to satisfy all conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits under the subject group policy issued by LINA, Policy No. FLK-030104, and/or the Plan.

16. As a third affirmative defense, defendant alleges that plaintiff was not and/or is not eligible for disability benefits under the Plan and/or the subject group policy issued by LINA, Policy No. FLK-030104, because she has failed to demonstrate that she meets the requisite definition of disability.

17. As a fourth affirmative defense, defendant alleges that plaintiff has failed to comply with the terms of the subject group policy issued by LINA, Policy No. FLK-030104, and/or the Plan, and that, accordingly, plaintiff's claim for disability benefits is barred.

18. As a fifth affirmative defense, defendant alleges that the Plan confers discretionary authority on LINA to interpret the terms of the subject group policy (Policy No. FLK-030104), to make factual findings, and to determine eligibility for disability benefits. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

19. As a sixth affirmative defense, defendant alleges that the subject claim decision was not made in an arbitrary and/or capricious manner.

20. As a seventh affirmative defense, defendant alleges that the claim decision (denying plaintiff disability benefits under the Plan and/or under LINA Policy No. FLK-030104 after on or about July 21, 2007) was correct, proper and reasonable.

21. As an eighth affirmative defense, defendant alleges that plaintiff is not entitled to disability benefits (after on or about July 21, 2007) under the terms of either the Plan and/or the subject group policy issued by LINA (Policy No. FLK-030104).

22. As a ninth affirmative defense, defendant alleges that, if the Court should determine that plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy No. FLK-030104) on or after July 21, 2007, which defendant disputes and denies, LINA is entitled

to offsets for other income received by plaintiff, including but not limited to Social Security disability, state paid disability, worker's compensation, and other group disability benefits.

23. As a tenth affirmative defense, defendant alleges that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against defendant set forth in the Complaint.

24. As an eleventh affirmative defense, defendant alleges that the relief that plaintiff seeks in this action is limited and governed by the provisions of ERISA.

25. Defendant reserves the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein and that judgment be awarded in favor of defendant Apple Computer, Inc.'s Short and Long Term Disability Plan;

2. That any declaration of rights and obligations made by this Court state and declare that plaintiff is not entitled to any disability benefits from defendant Apple Computer, Inc.'s Short and Long Term Disability Plan under the subject group policy of insurance or the Plan;

3. That defendant Apple Computer, Inc.'s Short and Long Term Disability Plan be awarded its attorney's fees, costs, and expenses incurred in this action; and

4. That defendant Apple Computer, Inc.'s Short and Long Term Disability Plan recover such other and further relief as the Court may deem just and proper.

Date: July 7, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Charan M. Higbee
Adrienne C. Publicover
Charan M. Higbee
Attorneys for Defendant
APPLE COMPUTER INC.'S SHORT AND
LONG TERM DISABILITY PLAN

# CERTIFICATE OF SERVICE
*Christine Clecak v. Apple Computer, Inc.'s Short and Long Term Disability Plan, et al.*
*USDC NDCA Case #CV08-01987 WDB*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**DEFENDANT APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

☐ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

☐ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

☐ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
Karen L. Creech, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel:   (510) 663-8484
Fax:   (510) 663-0639

*Attorneys for Plaintiff*
*CHRISTINE CLECAK*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **July 7, 2008** at San Francisco, California.

_____
Nancy Li

7
**DEFENDANT APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT**
USDC NDCA Case #CV08-01987 WDB
358180.1