```
1  ADRIENNE C. PUBLICOVER (SBN 161432)
   CHARAN M. HIGBEE (SBN 148293)
2  WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, CA  94105
4  Telephone:    (415) 433-0990
   Facsimile:    (415) 434-1370
5
   Attorneys for Defendant
6  APPLE COMPUTER, INC.'S SHORT
   AND LONG TERM DISABILITY PLAN
7

8  TIMOTHY J. FRICKER (SBN 183309)
   JAMES G. MELLEN (SBN 122035)
9  KAREN L. CREECH (SBN 168023)
   FRICKER & MELLEN & ASSOCIATES
10 Tribune Tower
   409 13th Street, 17th Floor
11 Oakland, CA  94612
   Telephone:    (510) 663-8484
12 Facsimile:    (510) 663-0639

13 Attorneys for Plaintiff
   CHRISTINE CLECAK
14
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE CLECAK,<br><br>          Plaintiff,<br><br>     v.<br><br>APPLE COMPUTER, INC.'S SHORT AND LONG TERM DISABILITY PLAN,<br><br>          Defendant. | Case No.:    CV08-01987 WDB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date      :    July 24, 2008<br>Time      :    4:00 p.m.<br>Courtroom :    4<br>Honorable Wayne D. Brazil<br><br>Filed     :    4/16/2008 |

Plaintiff Christine Clecak and defendant Apple Computer, Inc.'s Short and Long Term Disability Plan (hereinafter collectively "the parties") submit the following Joint Case Management Statement in this action.

---

1
**JOINT CASE MANAGEMENT STATEMENT**
USDC NDCA Case #CV08-01987 WDB
360332.1

1. **Jurisdiction and Service**

The Court has subject matter jurisdiction over plaintiff's claims. Jurisdiction is based on 29 U.S.C. Section 1132(e) because plaintiff seeks benefits under an employee welfare benefit plan governed by the provisions of ERISA. All the parties are subject to the Court's jurisdiction. No parties remain to be served.

2. **Facts**

Plaintiff Christine Clecak seeks disability benefits under an employee welfare benefit plan governed by the provisions of ERISA. Plaintiff is 40 years old, and was employed by Apple Computer, Inc. as an administrative assistant when she went out on disability in or about September of 2005. Plaintiff has been diagnosed with lumbar spinal stenosis, as well as other medical conditions, and complains of lower back pain.

Based on her employment at Apple Computer, Inc., plaintiff was a participant in defendant Apple Computer, Inc.'s Short and Long Term Disability Plan which provided disability insurance coverage to eligible employees of Apple Computer, Inc., including plaintiff. This disability insurance was provided pursuant to a group policy of insurance issued by Life Insurance Company of North America (hereinafter "LINA"). Plaintiff submitted a claim for long term disability benefits in or about August of 2006. LINA initially approved plaintiff's claim for long term disability benefits, and paid long term disability benefits to plaintiff between September 22, 2006 and July 21, 2007. LINA determined that plaintiff was not entitled to long term disability benefits after July 21, 2007.

The principal factual issue in dispute is whether plaintiff is entitled to the long term disability benefits which she seeks under the defendant Plan and/or the subject group policy issued by LINA, and specifically whether she is entitled to disability benefits from on or about July 22, 2007 through the present.

3. **Legal Issues**

The following legal issues will be presented:

a. Whether the appropriate standard of review of the claim decision is de novo or abuse of discretion.

b. Whether the claim decision (to deny plaintiff's claim for disability benefits after July 21, 2007) was proper under the applicable standard of review.

4. **Motions**

The parties expect to file cross-motions for judgment pursuant to Fed. Rule of Civil Procedure 52 or cross-motions for summary judgment pursuant to Fed. Rule of Civil Procedure 56.

5. **Amendment of Pleadings**

The parties currently do not anticipate any amendments to their pleadings.

6. **Evidence Preservation**

LINA has maintained an administrative record relating to plaintiff's claim for disability benefits under the defendant Plan and/or the subject group insurance policy. This administrative record will be produced to plaintiff as part of defendant's Initial Disclosure. There are no ongoing activities related to plaintiff's claim, nor ongoing communications with plaintiff. Therefore, no steps are necessary to preserve relevant evidence.

7. **Disclosures**

The parties agree to serve their Initial Disclosures on or before July 24, 2008.

8. **Discovery**

No discovery has been served to date.

Plaintiff contends that discovery might be necessary to determine the nature and extent of any possible conflict of interest.

Defendant contends that discovery is improper in this action which is based on the provisions of ERISA. The admissible evidence should be limited to the administrative record maintained by LINA, the subject group insurance policy, and the plan documents.

9. **Class Actions**

Not applicable.

10. **Related Cases**

The parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. **Relief**

Plaintiff's Complaint seeks an order that defendant pay plaintiff the disability benefits due plus interest, and that plaintiff is entitled to an award for her attorney fees and costs.

Defendant also seeks an attorney fee award in this action.

12. **Settlement and ADR**

No settlement discussions have taken place to date. The parties have agreed to the following ADR process: Mediation pursuant to ADR L.R. 6.

13. **Consent to Magistrate Judge For All Purposes**

The parties consent to Magistrate Judge Wayne D. Brazil for all purposes.

14. **Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties may agree and stipulate as to the standard of review to be utilized by the Court.

The parties currently do not anticipate any request to bifurcate issues, claims, or defenses.

16. **Expedited Schedule**

It is likely that this is the type of case that can be handled with streamlined procedures, such as cross-motions for summary judgment. The parties recommend that the ADR process be completed before the date for filing dispositive motions.

17. **Scheduling**

The parties propose the following dates for the dispositive motions:

Cross-Motions for Judgment to be filed on:  October 31, 2008

Oppositions to be filed on:    Per Local Rules

Reply Briefs to be filed on:   Per Local Rules

Hearing Date: December 10, 2008

18. **Trial**

The parties agree that this case is subject to a court trial, and that there is no right to a jury trial for ERISA claims.

In the event that this matter is not resolved by the dispositive motions, the parties estimate that a bench trial will last 1 to 4 hours.

**19.   Disclosure of Non-Party Interested Entities or Persons**

Defendant filed the following Certification of Interested Entities or Persons on July 7, 2008:

Connecticut General Corporation, a Connecticut corporation, is the parent company of Life Insurance Company of North America. [Life Insurance Company of North America issued the group insurance policy which provides disability insurance coverage to the subject ERISA plan in this action.] Connecticut General Corporation is a wholly-owned subsidiary of CIGNA Holdings, Inc. CIGNA Holdings, Inc. is a wholly-owned subsidiary of CIGNA Corporation.

**20.   Other Matters**

The parties currently are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Date: July 14, 2008                                              WILSON, ELSER, MOSKOWITZ,
                                                                             EDELMAN & DICKER LLP


                                                                 By:   /s/ Charan M. Higbee
                                                                         ADRIENNE C. PUBLICOVER
                                                                         CHARAN M. HIGBEE
                                                                         Attorneys for Defendant
                                                                         APPLE COMPUTER, INC.'S SHORT AND
                                                                         LONG TERM DISABILITY PLAN


Date: July 14, 2008                                              FRICKER & MELLEN & ASSOCIATES


                                                                 By:   /s/ Timothy J. Fricker
                                                                         TIMOTHY J. FRICKER
                                                                         JAMES G. MELLEN
                                                                         KAREN L. CREECH
                                                                         Attorneys for Plaintiff
                                                                         CHRISTINE CLECAK

---

6
**JOINT CASE MANAGEMENT STATEMENT**
USDC NDCA Case #CV08-01987 WDB
360332.1

# CERTIFICATE OF SERVICE
*Christine Clecak v. Apple Computer, Inc.'s Short and Long Term Disability Plan, et al.*
*USDC NDCA Case #CV08-01987 WDB*

I am a citizen of the United States. I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address is 525 California Street, 17th Floor, San Francisco, California 94105.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT**

on the parties identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

_X_ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_☐_ : **By Personal Service** – I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_☐_ : **By Overnight Courier** – I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

_☐_ : **Facsimile** – (Only where permitted. Must consult CCP § 1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.C.A.)

Timothy J. Fricker, Esq.
James G. Mellen, Esq.
Karen L. Creech, Esq.
FRICKER & MELLEN & ASSOCIATES
Tribune Tower
409 13th Street, 17th Floor
Oakland, CA 94612
Tel:   (510) 663-8484
Fax:   (510) 663-0639

*Attorneys for Plaintiff*
*CHRISTINE CLECAK*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED **July 14, 2008** at San Francisco, California.

_____
Nancy Li

---

7
**JOINT CASE MANAGEMENT STATEMENT**
USDC NDCA Case #CV08-01987 WDB
360332.1